IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RORY CORONA,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT; LARRY MADDEN, in his official and individual capacities; and BRYON GARRITSON, in his official and individual capacities,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **DENYING [18] PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IN REGARD TO THE CONSTITUTIONALITY OF WARRANTLESS DRUG TESTING; AND**<br>• **GRANTING [21] DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:18-cv-00674-DBB<br><br>District Judge David Barlow |

  Plaintiff Rory Corona seeks partial summary judgment (Partial Summary Judgment Motion) [1] in this action against Defendants Salt Lake City School District, Larry Madden, and Bryon Garritson[2] (collectively Defendants). Mr. Corona seeks summary judgment only on his second cause of action: a 42 U.S.C. § 1983 claim that Defendants allegedly violated his Fourth Amendment rights when Defendants subjected Mr. Corona to an alcohol and drug test.

---

[1] Plaintiff's Motion for Partial Summary Judgment in Regard to the Constitutionality of Warrantless Drug Testing, ECF No. 18, filed November 20, 2019.

[2] The court acknowledges that Defendants have specified in the reply in support of their own motion for summary judgment that Mr. Garritson's name is spelled "Byron" and not "Bryan" as has appeared on the filings in the case to date. Defendants Reply in Support of Motion for Summary Judgment at 1 n.1, ECF No. 31, filed February 26, 2020.

Defendants oppose the Partial Summary Judgment Motion[3] and Mr. Corona has replied in support.[4]

Defendants have also filed their own motion for summary judgment, seeking summary judgment on both of Mr. Corona's causes of action (Summary Judgment Motion),[5] the § 1983 action described above, and Mr. Corona's first cause of action under the Utah Administrative Procedures Act (UAPA) that seeks *de novo* judicial review of the proceedings that led to his termination as a District employee. Mr. Corona opposes the Summary Judgment Motion[6] and Defendants have replied in support.[7]

Although Plaintiff has requested a hearing regarding both motions,[8] the court has determined a hearing is unnecessary as the motions can be decided based on the briefing.[9] As set forth in the following memorandum decision, because the UAPA specifies that it does not apply to employment actions pertaining to teachers, Mr. Corona cannot seek judicial review under that statute of the administrative proceedings that led to the termination of his employment. The Summary Judgment Motion is granted as to Mr. Corona's first cause of action.

Because Mr. Corona (in the face of Mr. Garritson's assertion of qualified immunity) has failed to carry his required burden to demonstrate that the drug test represents a clearly established constitutional violation, summary judgment is also appropriate for Defendants on Mr.

---

[3] Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment in Regard to the Constitutionality of Warrantless Drug Testing, ECF No. 19, filed December 18, 2019.

[4] Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment in Regard to the Constitutionality of Warrantless Drug Testing, ECF No. 27, filed January 29, 2020.

[5] Defendants' Motion for Summary Judgment, ECF No. 21, filed December 20, 2019.

[6] Plaintiff's Opposition to Defendants' Motion for Summary Judgment, ECF No. 28, filed January 29, 2020.

[7] Defendants Reply in Support of Motion for Summary Judgment, ECF No. 31, filed February 26, 2020.

[8] Partial Summary Judgment at 1; Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment in Regard to the Constitutionality of Warrantless Drug Testing at 1.

[9] *See* DUCivR 7-1(f).

Corona's second cause of action. Mr. Corona's Partial Summary Judgment is therefore denied, and Defendants' Summary Judgment Motion is granted as to this cause of action.

**Table of Contents**

STANDARD OF REVIEW ................................................................................................... 3
UNDISPUTED MATERIAL FACTS ................................................................................... 4
DISCUSSION ........................................................................................................................ 6
    1. Plaintiff Sought Relief Under the Incorrect Utah Statute. .............................. 6
    2. Plaintiff Has Not Shown That the Actions at Issue Have Been Recognized as a Fourth Amendment Violation and That They Were the Result of the District's Policy or Custom. ................................................................................................. 8
        A. Qualified Immunity Shields Mr. Garritson from § 1983 Liability Because Mr. Corona Has Failed to Show that Ordering the Drug Test Was a Clearly Established Constitutional Violation. ......................................................... 9
        B. Absent a Formal or Informal Policy that Results in Constitutional Violations, the District Cannot Be Held Liable under 42 U.S.C. § 1983. .................... 12
ORDER ................................................................................................................................ 15

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] A material fact is a fact that "might affect the outcome of the suit under the governing [substantive] law."[11] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[12] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[13] The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[14]

---

[10] Fed. R. Civ. P. 56(a).

[11] *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (internal citation omitted).

[12] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[13] *Id.*

[14] *Id.* at 670-71.

## UNDISPUTED MATERIAL FACTS[15]

1. Rory Corona was a special education teacher in the Child Behavioral Therapy Unit (CBTU) at the District's Bryant Middle School.[16]

2. All CBTU students have individual education programs ("IEP").[17]

3. After multiple directives—in December 2017, January and March 2018—Mr. Corona continually failed to update his students' IEPs.[18]

4. On April 9, 2018, during school hours, two District employees reported to Mr. Madden that Mr. Corona smelled of alcohol, and Mr. Corona admitted to the second of these employees—Assistant Principal Matt Smith—that he (Corona) had been "drinking heavily the night before" and as recently as 4:00 a.m. that morning.[19]

5. The District has a tobacco and drug-free policy, subjecting employees to testing upon reasonable suspicions.[20]

---

[15] Lists of undisputed facts were offered both in Mr. Corona's Partial Summary Judgment Motion and in Defendants' Summary Judgment Motion. Having carefully reviewed both lists, the court has determined that the facts are largely the same; any differences between the lists were attributable to style and characterization. For the purposes of this memorandum decision, the court has drawn from the list of undisputed facts offered in Defendants' Summary Judgment Motion as well as the additional undisputed facts offered in Plaintiff's Opposition to Defendants' Summary Judgment Motion as those were more clearly stated in comparison to those offered across the briefing for Mr. Corona's Summary Judgment motion. The parties' briefing of these motions also included some purported undisputed material facts that are not included here because they are not material to the resolution of the motions, were not supported by the cited evidence, or were considered to be argumentative statements and not statements of facts.

[16] Summary Judgment Motion at 7, ¶ 1 (undisputed).

[17] *Id.* at 7, ¶ 2 (undisputed).

[18] *Id.* at 8, ¶ 3 (undisputed).

[19] *Id.* at 8, ¶ 4 (undisputed).

[20] Id. at 8, ¶ 5 (undisputed).

6. Mr. Corona was directed to take a breath test for alcohol and a urine test for other drugs, which showed a blood-alcohol content of 0.05 and 0.046 and the presence of Adderall, for which Corona has a prescription.[21]

7. Mr. Garritson directed the urine test.[22]

8. Mr. Madden was not involved in that decision.[23]

9. A urinalysis is not a test which screens for the presence of alcohol. It screens instead for controlled substances.[24]

10. On April 12, 2018, Mr. Madden gave Mr. Corona notice of his unsatisfactory conduct, including the failure to update IEPs and being under the influence of alcohol on school property, and gave Mr. Corona an opportunity to respond to the allegations.[25]

11. On April 16, 2018, Corona responded, acknowledging, "I have a problem with alcohol," "my drinking is out of control," and "[w]hile I have made improvements in my IEP's [sic] I understand that more work remains to be done to bring them into compliance. I accept responsibility and will continue to work on them to ensure that they are in full compliance as soon as possible."[26]

12. On April 17, 2018, the District gave Corona written notice of its intent to terminate him, including notice of his right to request an administrative hearing to challenge his termination.[27]

---

[21] *Id.* at 8, ¶ 6 (undisputed).

[22] *Id.* at 8, ¶ 7 (undisputed).

[23] *Id.*

[24] Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 13, ¶ 1 (undisputed).

[25] Summary Judgment Motion at 8-9, ¶ 8 (undisputed).

[26] *Id.* at 9, ¶ 9 (undisputed).

[27] *Id.* at 9, ¶ 10 (undisputed).

13. On June 4, 2018, at Corona's request, the District held an administrative hearing on Corona's termination.[28]

14. Corona was represented by legal counsel of his choice before a neutral hearing officer, allowed to cross-examine witnesses against him, call witnesses on his own behalf, testify on his own behalf, and introduce exhibits.[29]

15. On June 25, 2018, the hearing officer issued her decision, upholding Corona's termination for his failure to complete the IEPs: "Mr. Corona's failure to complete four of six IEPs that he was assigned to complete in a five month period was inexcusable as a licensed educator and seasoned special educator and is the primary basis for upholding the termination."[30]

## DISCUSSION

### 1. Plaintiff Sought Relief Under the Incorrect Utah Statute.

In his first cause of action, Mr. Corona seeks *de novo* judicial review under the UAPA of the administrative hearing process that culminated in the termination of his employment.[31] While judicial review of certain actions by Utah state agencies is available under the UAPA, and this court could theoretically conduct that review by exercising supplemental jurisdiction over this state law-based cause of action under 28 U.S.C. § 1367, the UAPA specifies that it does not apply to disciplinary employment actions against teachers: "This chapter does not govern . . .

---

[28] *Id.* at 9, ¶ 11 (undisputed).

[29] *Id.* at 9, ¶ 12 (undisputed).

[30] *Id.* at 9-10, ¶ 13 (undisputed).

[31] Complaint at 6-7.

state agency action to evaluate, *discipline*, *employ*, transfer, reassign, or promote a student or *teacher in a school or educational institution*, *or judicial review of the action*."[32]

Mr. Corona expressly acknowledges, as he must, that he has based his first cause of action on an inapplicable Utah statute.[33] Mr. Corona offers, however, that this court can still proceed with judicial review simply by applying another statute.[34] But Mr. Corona has not filed a motion to amend his complaint, nor will the court consider Mr. Corona's request as a motion to amend because local rule *requires* such a request to be made in motion.[35]

Finally, even if the required motion for leave to amend had been filed, it would be denied. The deadline for amending pleadings was December 19, 2018.[36] The parties have conducted and concluded their discovery on the basis of the current pleading, with fact discovery having closed July 1, 2019.[37] The parties also have fully briefed their competing motions for summary judgment on those pleadings and the state of the record. Plaintiff has provided no valid basis for reopening pleadings and effectively beginning again on his state law claim for review of the underlying proceedings.

Therefore, this court does not have jurisdiction under 28 U.S.C. § 1367 to perform a de novo review of the administrative decision to terminate Mr. Corona's employment under the authority of the Utah statute specified in Mr. Corona's first cause of action. Defendants' Motion for Summary Judgment is granted, and Mr. Corona's first cause of action is dismissed without prejudice.

---

[32] Utah Code Ann. § 63G-4-102(2)(d) (emphasis added).

[33] Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 5 n.1, 14 n.16.

[34] *Id.* at 14-15.

[35] *See* DUCivR 15-1.

[36] Amended Scheduling Order at 3, ECF No. 12.

[37] *Id.* at 2.

### 2. Plaintiff Has Not Shown That the Actions at Issue Have Been Recognized as a Fourth Amendment Violation and That They Were the Result of the District's Policy or Custom.

In his second cause of action, Mr. Corona alleges that Defendants violated his Fourth Amendment rights, and therefore 42 U.S.C. § 1983, when they required him to take breath and urine tests for the presence of alcohol and controlled substances.[38] However, Mr. Corona acknowledges that, based on the undisputed facts here, Defendants had reasonable suspicion to administer the breath test for alcohol.[39] There also is no evidence that Mr. Madden was involved with the decision to require Mr. Corona to submit to a urinalysis test.[40] Summary judgment as to these portions of Mr. Corona's second cause of action in favor of the Defendants clearly is appropriate.

The ultimate question, then, in resolving Mr. Corona's Partial Summary Judgment Motion and the remainder of Defendants' Summary Judgment Motion is whether Mr. Garritson's decision to require Mr. Corona to take a urinalysis test constitutes an actionable § 1983 violation that could subject Mr. Garritson and the District to liability.

As explained below, when an individual government defendant invokes qualified immunity, the plaintiff carries the burden to demonstrate via case law that the governmental official's actions have been clearly established as a recognized Fourth Amendment violation. Mr. Corona has failed to carry this burden because he has not provided case law that recognizes the decision to order a urinalysis test based on the reasonable suspicion supporting a breath test for alcohol as a Fourth Amendment violation.

---

[38] Complaint at 7-8.

[39] "Defendant's motion needlessly argues at length that reasonable suspicion existed to test Plaintiff for alcohol consumption. At no time has Plaintiff disagreed with this position." Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 19.

[40] *See* Undisputed Fact 8, *infra* at 4.

As to the District, it is undisputed that the District had a drug-free policy and drug testing is performed if there is reasonable suspicion.[41] But the undisputed facts here do not demonstrate that the District had a formal or informal policy that the reasonable suspicion for performing a breathalyzer test for alcohol would also support a urinalysis test for controlled substances. In the absence of a formal or informal policy, the District cannot be held liable under § 1983.

**A. Qualified Immunity Shields Mr. Garritson from § 1983 Liability Because Mr. Corona Has Failed to Show that Ordering the Drug Test Was a Clearly Established Constitutional Violation.**

Mr. Garritson is the District official who required Mr. Corona to take the urinalysis test.[42] In response to Mr. Corona's allegation that this requirement was a Fourth Amendment violation actionable under § 1983, Mr. Garritson asserts qualified immunity as a defense.[43] As the United States Supreme Court has explained, "[t]he doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[44]

In such instances "[w]hen a defendant pleads qualified immunity, *the plaintiff* has the heavy burden of establishing: (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions."[45] A court presented with this question has the discretion to address either prong of this analysis first.[46] Here, the court will focus on the second prong of the analysis and

---

[41] *See* Undisputed Fact 5, *infra* at 4.

[42] *See* Undisputed Fact 7, *infra* at 4.

[43] Summary Judgment Motion at 22.

[44] *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (*quoting Pearson v. Callahan,* 555 U.S. 223, 231 (2009)).

[45] *Scott v. Hern*, 216 F.3d 897, 910 (10th Cir. 2000) (*quoting Greene v. Barrett*, 174 F.3d 1136, 1142 (10th Cir.1999) (emphasis added)).

[46] *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir.2013).

consider "[t]he dispositive question [of] 'whether the violative nature of particular conduct is clearly established'"[47] such that it is "'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'"[48]

In order to demonstrate that an alleged violation is sufficiently and clearly established for the purposes of overcoming qualified immunity, a plaintiff must provide citation to "a Supreme Court or Tenth Circuit decision on point,"[49] or show that "the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."[50] Although the weight of authority need not be "directly on point . . . existing precedent must have placed the statutory or constitutional question beyond debate."[51] Moreover, the Supreme Court has instructed federal courts "not to define clearly established law at a high level of generality."[52] Instead, "[t]he dispositive question is whether the violative nature of *particular* conduct is clearly established," while undertaking the inquiry "in light of the specific context of the case, not as a broad general proposition."[53]

In both his own Partial Summary Judgment Motion and his opposition to the Summary Judgment Motion, Mr. Corona fails to provide citation to a Supreme Court or Tenth Circuit case that has analyzed circumstances similar to those at issue here and determined that they are a Fourth Amendment violation actionable under § 1983. Indeed, the only Supreme Court case Plaintiff cites about the constitutionality of drug testing, *Missouri v. McNeely*, holds "that in

---

[47] *Mullenix*, 577 U.S. at 11.

[48] *Id* at 11 (quoting *Reichle v. Howards*, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012)).

[49] *Ullery v. Bradley*, 949 F.3d 1282, 1291 (10th Cir. 2020).

[50] *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

[51] *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

[52] *Mullinex v. Luna*, 577 U.S. 7, 11 (2015).

[53] *Id.* at 12 (emphasis in original) (internal quotations and citations omitted).

drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case to justify conducting a blood test without a warrant."[54] *McNeely* had nothing to do with whether a reasonable basis for testing for alcohol could justify testing for other drugs, so it is not on point and cannot "clearly establish" the violation Plaintiff seeks to prove. Similarly, the only Tenth Circuit case that Mr. Corona relies on in his Partial Summary Judgment Motion, *Rutherford v. City of Albuquerque*,[55] stands for the proposition that "unwarned" urinalysis tests administered to a city employee upon returning to work after a medical absence are searches that violate the Fourth Amendment.[56] The facts here are not similar. The general principle that unwarned urinalysis tests administered to employees violates the Fourth Amendment is at too high a level of generalization for *Rutherford* to be "on point" for purposes of the "clearly established" prong. Instead, the question here is whether the reasonable suspicion supporting testing for alcohol can also be used as a basis to require a urinalysis test for controlled substances. Or, at a slightly higher level of generalization, whether the reasonable suspicion supporting testing for one substance can properly lead to testing for another substance. Plaintiff cites no Supreme Court or Tenth Circuit cases on either point.

And while Mr. Corona provided citations to cases decided by other federal courts,[57] including some that concern teachers, none of those cases address these particular circumstances, much less show that "the clearly established weight of authority from other courts" have

---

[54] *Missouri v. McNeely*, 569 U.S. 141, 165 (2013).

[55] 77 F.3d 1258, (10th Cir. 1996).

[56] *Id.* at 1262-63.

[57] Partial Motion for Summary Judgment at 11-15; Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 24 n.47.

11

recognized that reasonable suspicion for testing for one drug is constitutionally insufficient to justify testing for another drug.[58]

Thus, Mr. Corona has failed to carry his "heavy burden" to demonstrate that either binding authority or the clearly established weight of persuasive authority acknowledges a Fourth Amendment violation in the particular set of facts presented to this court. Accordingly, even if Mr. Garritson's actions violated the Fourth Amendment, it was not "'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'"[59] Mr. Garritson is therefore shielded by qualified immunity. Summary judgment for Mr. Garritson is required, and Defendants' Motion for Summary Judgment is granted as to Mr. Corona's Second Cause of Action against Mr. Garritson. Mr. Corona's Partial Motion for Summary Judgment on this issue is denied.

## B. Absent a Formal or Informal Policy that Results in Constitutional Violations, the District Cannot Be Held Liable under 42 U.S.C. § 1983.

To hold the District liable under §1983, the "plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."[60] That municipal policy or custom may take the form of

(1) "a formal regulation or policy statement;"

---

[58] *See, e.g.,* Partial Motion for Summary Judgment at 11-15. For example, Mr. Corona cites *United Teachers of New Orleans v. Orleans Parrish School Board* a case in which the Fifth Circuit acknowledged that drug testing of school employees via urinalysis requires individualized suspicion. But that case considered whether a school district should be enjoined from administering drug tests *after employees were involved in an accident*, which differs from the events in question in this case. Other cases that Mr. Corona cites—*Assoc. of Independent Schools of Greater Washington v. District of Columbia* and *Bannister v. Board. of County Commissioners*—are similarly unpersuasive because they address suspicionless, *random* drug testing of teachers whereas here the test was administered to Mr. Corona in response to specific allegations by other teachers that Mr. Corona strongly smelled of alcohol during school hours.

[59] *Mullenix*, 577 U.S. at 11.

[60] *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

> (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;'"
>
> (3) "the decisions of employees with final policymaking authority;"
>
> (4) "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval;" or
>
> (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused."[61]

It is undisputed that the District had a drug-free policy in place that also required employees to be tested based on reasonable suspicion.[62] But the undisputed evidence before the court does not show that it was also a District policy—whether formally or informally—to use the reasonable suspicion supporting a test for alcohol to also support a test for drugs. And although Mr. Corona offered as an undisputed fact in his Partial Summary Judgment Motion that it was Mr. Madden's "understanding that it is part of the 'standard process' in the District to administer a urinalysis drug test" absent reasonable suspicion that a teacher is under the influence of narcotics,[63] this court does not credit that statement because it is unsupported by the evidence. The statement serving as its evidentiary basis clearly demonstrates that it was an assumption by Mr. Madden[64] rather than clear testimony based on adequate foundation that this was widespread, well-settled practice. The record does not show that what occurred here was more than a single incident.[65]

---

[61] *Id.* (quoting *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir. 2010).

[62] *See* Undisputed Fact 5, *infra* at 4.

[63] Partial Summary Judgment Motion at 10 ¶ 21.

[64] Specifically, the exchange is as follow: "Q: Do you know why he was screened for drugs, then? A. I assume that was the standard process for that." Partial Summary Judgment, Exhibit 1, Appendix 2, Excerpts of Administrative Hearing Transcript, at 17:2-5, ECF No. 18-1, filed November 20, 2019.

[65] *See Lankford v. City of Hobart*, 73 F.3d 283, 286-87 (10th Cir. 1996) (the conduct of a single city employee did not establish the necessary widespread practice to constitute a custom).

Alternatively, Mr. Corona argues that he was subject to a drug test at the decision of employees with final policymaking authority, or "a policy-makers' ratification of another's action."[66] As evidence, he points to "Madden and . . . Garritson's hierarchical and functional authority over the process," and that these individuals communicated with Mr. Corona throughout the process, collected witness accounts, detained Mr. Corona, completed a reasonable suspicion testing form, and decided whether to terminate Mr. Corona.[67] The court has already observed that the evidence does not show that Mr. Madden was involved in the urinalysis decision. The question, then, is whether Mr. Garritson is an official "responsible for establishing final policy with respect to the subject matter in question."[68]

Mr. Garritson is a District human resources employee. Although Mr. Corona characterizes Mr. Garritson as someone with "hierarchical and functional authority," this is not supported by the evidence or by state law, nor is that claim equivalent to "final policymaking authority." In fact, Mr. Corona cites no relevant authority at all on this issue. By Utah statute school district policies are established not by employees, but by local school boards and superintendents.[69] And while the parties have not provided Mr. Garritson's job description, there is no evidence in the record that Mr. Garritson has authority for establishing final policies on alcohol or drug testing for the District. Without evidence of that authority, he is not a final policymaker and similarly cannot ratify the actions of others on policy issues.

Without evidence of a policy or custom to analyze or the decision of a final policymaker, the court cannot take up the second prong of the test for governmental liability under § 1983.

---

[66] Response at 21, ECF No. 28.

[67] Response at 23, ECF No. 28.

[68] *Lankford*, 73 F.3d at 286.

[69] U.C.A. § 53G-4-302, -4-301, -4-402.

Accordingly, Defendants' Motion for Summary Judgment as to this claim is granted and Plaintiff's Partial Summary Judgment Motion as to this claim and party is denied.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment in Regard to the Constitutionality of Warrantless Drug Testing[70] is DENIED.

IT IS ALSO ORDERED that Defendants' Motion for Summary Judgment[71] is GRANTED. In accordance with that order, Plaintiff's first cause of action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff's second cause of action is DISMISSED WITH PREJUDICE.

The clerk is directed to close the case

Signed November 30, 2020

BY THE COURT

_____
David Barlow
United States District Judge

---

[70] Plaintiff's Motion for Partial Summary Judgment in Regard to the Constitutionality of Warrantless Drug Testing, ECF No. 18, filed November 20, 2019.

[71] Defendants' Motion for Summary Judgment, ECF No. 21, filed December 20, 2019.